# DECISIONS

## OF THE

## SUPREME JUDICIAL COURT

### OF

## MASSACHUSETTS

---

ELROY E., a juvenile *vs.* COMMONWEALTH.

Suffolk. January 4, 2011. - February 24, 2011.

Present: IRELAND, C.J., SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*Sex Offender Registration and Community Notification Act. Sex Offender. Juvenile Court,* Delinquent child. *Constitutional Law,* Sex offender, Equal protection of laws.

General Laws c. 6, § 178E (*f*), a provision of the Sex Offender Registration and Community Notification Act that grants a sentencing judge discretion to relieve of the obligation to register as a sex offender with the sex offender registry board (board) those individuals convicted of a sex offense (or adjudicated as a youthful offender or as a delinquent juvenile by reason of a sex offense) on or after December 12, 1999, does not violate the equal protection guarantees of the Federal and State Constitutions, where individuals whose convictions and adjudications occurred prior to that date are afforded the same review and determination from the board with the option of judicial review, and where the Legislature's determination to apply a cut-off date in § 178E (*f*) reflects a legitimate legislative goal of how to best manage the registration and classification process. [4-8]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on April 15, 2010.

The case was reported by *Spina*, J.

*Paul R. Rudof*, Committee for Public Counsel Services (*Samantha Gillombardo* with him) for the juvenile.

*Ellyn H. Lazar-Moore*, Assistant District Attorney, for the Commonwealth.

IRELAND, C.J. At issue is the validity of a section of the Sex Offender Registration and Community Notification Act, G. L. c. 6, §§ 178C-178P (act), namely § 178E (*f*) (see note 4, *infra*), which, in general terms, grants a sentencing judge discretion to relieve certain sex offenders of the obligation to register as a sex offender with the sex offender registry board (board). In this case, the juvenile unsuccessfully sought relief from the registration requirement, challenging § 178E (*f*) on equal protection grounds. He sought relief in the county court by filing a petition pursuant to G. L. c. 211, § 3, and a single justice reserved and reported the case. We reject his challenge and direct the single justice to affirm the order denying him relief from the registration requirement.

1. *Background.* On January 24, 1994, after a jury-waived trial in the Worcester Division of the Juvenile Court Department, the then fifteen year old juvenile was adjudicated delinquent by reason of indecent assault and battery on an individual over the age of fourteen, in violation of G. L. c. 265, § 13H.[1] The act had not been passed and the board had not been statutorily created until August 5, 1996. St. 1996, c. 239, § 1 (establishing act). The original version of the act defined a "sex offender" as including an individual who was adjudicated delinquent of a sex offense as a juvenile on or after August 1, 1981, see *id.*, such as the juvenile, and imposed a registration requirement on those offenders, see G. L. c. 6, § 178E (*h*), inserted by St. 1996, c. 239, § 1 ("any sex offender residing in the [C]ommonwealth shall, on or before [October 1, 1996], register in person at the police department in the city or town where he resides"), including on the juvenile. In 1999, the act was rewrit-

---

[1]That same day, the trial judge committed the juvenile to the Department of Youth Services, then suspended the juvenile's commitment and placed him on probation for one year.

ten and established, in addition to a registration requirement[2] and other provisions, a section affording certain sex offenders judicial relief from the registration requirement. See St. 1999, c. 74, § 2 (amending G. L. c. 6, §§ 178C-178P,[3] by "striking out" those sections and replacing them with new provisions). Specifically, St. 1999, c. 74, § 2, created G. L. c. 6, § 178E (*f*), which, as relevant here, grants a sentencing judge the discretion to "relieve" the registration requirement for an individual convicted of a sex offense or adjudicated as a youthful offender or as a delinquent juvenile by reason of a sex offense, on or after December 12, 1999, and who was not sentenced to immediate confinement (§ 178E [*f*] or relief provision).[4]

On June 9, 2005, the board first classified the juvenile as a level one sex offender. Later, in August, 2009, the board notified the juvenile of its intention to reevaluate his classification level. On October 2, 2009, the juvenile was charged in the Marlborough Division of the District Court Department with two

---

[2]General Laws c. 6, § 178E (*l*), as appearing in St. 1999, c. 74, § 2, provided that "a sex offender residing or working in the [C]ommonwealth shall, within ten days of the effective date of this section, register." The current version of this provision imposes the registration requirement also on a sex offender "working at or attending an institution of higher learning in the [C]ommonwealth." G. L. c. 6, § 178E (*l*), as amended through St. 2006, c. 139, § 18.

[3]Section 178P of G. L. c. 6 was not part of the original act, see St. 1996, c. 239, § 1, but was inserted by St. 1997, c. 106, § 3.

[4]General Laws c. 6, § 178E (*f*), as appearing in St. 1999, c. 74, § 2, provides:

"In the case of a sex offender who has been convicted of a sex offense or adjudicated as a youthful offender or as a delinquent juvenile by reason of a sex offense, on or after December 12, 1999, and who has not been sentenced to immediate confinement, the court shall, within 14 days of sentencing, determine whether the circumstances of the offense in conjunction with the offender's criminal history indicate that the sex offender does not pose a risk of reoffense or a danger to the public. If the court so determines, the court shall relieve such sex offender of the obligation to register under sections 178C to 178P, inclusive. The court may not make such a determination or finding if the sex offender has been determined to be a sexually violent predator; has been convicted of two or more sex offenses defined as sex offenses pursuant to the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, 42 U.S.C. section 14071, committed on different occasions; has been convicted of a sex offense involving a child or a sexually violent offense; or if the sex offender is otherwise subject to minimum or lifetime registration requirements as determined by the board pursuant to section 178D."

counts of failing to register as a sex offender. On October 8, 2009, the board notified the juvenile of its recommendation that he be reclassified as a level two sex offender and notified him of his right to request a hearing on the matter.[5]

In December, 2009, the juvenile filed a motion pursuant to § 178E (f) in the Worcester Division of the Juvenile Court Department to be relieved, by the Juvenile Court judge who had adjudicated him delinquent and had sentenced him, from the registration requirement. In his motion, the juvenile pointed out that he had been adjudicated delinquent in 1994, and was discharged from probation on June 11, 1996,[6] all of which took place before the act was passed into law and well before § 178E (f) was established in 1999. He made the argument (among others) that the provision in § 178E (f), that grants a relief hearing by a sentencing judge only to those juveniles whose sex offense adjudications were committed on or after December 12, 1999, violates his Federal and State equal protection guarantees. Consequently, he requested that his registration obligation be "waived immediately." In a written memorandum of decision and order, the Juvenile Court judge (who had adjudicated the juvenile delinquent and had sentenced him on January 24, 1994) rejected the juvenile's constitutional claim and denied his request for relief.[7] As has been stated, the juvenile sought relief from the judge's order by filing a petition pursuant to G. L. c. 211, § 3, in the county court. See Commonwealth v. Ronald R., 450 Mass. 262, 266-267 (2007). The single justice reserved and reported the case without decision.

2. Discussion. The juvenile maintains that the statutory denial of a judicial relief hearing pursuant to § 178E (f) for him, solely because he was adjudicated delinquent prior to December

---

[5]A hearing was scheduled for July 19, 2010. Prior to the hearing, the juvenile filed a motion with the board for relief from the registration requirement. To date, a decision concerning the motion for relief from registering is pending. On February 7, 2011, the board issued its decision reclassifying the juvenile as a level two sex offender.

[6]The juvenile's probation was extended several times because he was found to have violated its terms.

[7]The Juvenile Court judge's denial was entered on March 1, 2010, from which the juvenile timely filed a notice of appeal. Before the judge's denial of relief, the juvenile was found guilty, on February 23, 2010, of one count of failing to register as a sex offender.

12, 1999, violates the equal protection guarantees provided by the Fourteenth Amendment to the United States Constitution and art. 1 of the Massachusetts Declaration of Rights, as amended by art. 106 of the Amendments.[8] He asserts that § 178E (f) confers a benefit, namely, a relief hearing before a judge, on one class of people (sex offenders whose convictions or adjudications took place on or after December 12, 1999), while denying that same benefit to another class of individuals (sex offenders whose convictions or adjudications predate December 12, 1999), based on an arbitrary date (December 12, 1999) that has no relation to the purpose of the act to protect the public from sex offenders. See *Commonwealth* v. *Ronald R.*, *supra* at 264 (purpose of act is to protect public from danger of recidivism posed by sex offenders).

The juvenile bears a heavy burden in challenging the constitutionality of § 178E (f) on equal protection grounds. See *Rushworth* v. *Registrar of Motor Vehicles*, 413 Mass. 265, 271 (1992). He concedes, as he must, that the statute does not burden a fundamental right or impact a suspect class. Therefore, the classification created by § 178E (f) will be upheld if it is "rationally related to a legitimate State purpose." *Rushworth* v. *Registrar of Motor Vehicles*, *supra* at 271-272, quoting *Hallett* v. *Wrentham*, 398 Mass. 550, 557 (1986). There is no doubt that this standard is met.

The juvenile correctly asserts that, given his date of adjudication, under § 178E (f) he is not entitled to review and determination by the Juvenile Court judge who sentenced him of whether he may obtain relief from the registration requirement. He overlooks, however, that under the act, he *was* afforded the same review and determination (of whether he may be relieved from the registration requirement) from *the board*. Under the act, individuals such as the juvenile, whose sex offense convictions or adjudications occurred prior to December 12, 1999, have (or had in the juvenile's case) the option of seeking relief from the registration requirement *from the board* pursuant to G. L. c. 6, § 178L (1) (c), with judicial review of the board's decision.

---

[8]The standard for evaluating equal protection challenges under our State Constitution is the same as the standard under the Federal Constitution. See *Blixt* v. *Blixt*, 437 Mass. 649, 661 n.17 (2002), cert. denied, 537 U.S. 1189 (2003), and cases cited.

Specifically, under § 178L (1) (*c*), "[i]n the case of any sex offender not in custody, upon receiving registration data . . . the board shall promptly notify the sex offender of his right to submit to the board documentary evidence relative to his risk of reoffense and the degree of dangerousness posed to the public and his duty to register, if any . . . . Upon reviewing such evidence, the board shall promptly notify such sex offender of the board's recommended sex offender classification, his duty to register, if any, and his right to petition the board to request an evidentiary hearing to challenge such classification and duty . . . ." If a sex offender requests an evidentiary hearing,[9] "the chair may appoint a member, a panel of three board members or a hearing officer to conduct the hearing . . . to determine by a preponderance of evidence such sex offender's duty to register and final classification." *Id.* at § 178L (2). An offender who does not obtain relief from the board with respect to the duty to register "may seek judicial review, in accordance with [G. L. c. 30A, § 14,] of the board's final classification and registration requirements." G. L. c. 6, § 178M.

Where the juvenile had been afforded the opportunity for an administrative hearing before the board with the option of judicial review with respect to his obligation to register as a sex offender, the denial of a relief hearing before the judge who had sentenced him on the sex offense pursuant to § 178E (*f*), does not violate his right to equal protection. The Legislature's enactment of § 178E (*f*) and its determination not to apply that same procedure with respect to sex offenders with convictions or adjudications occurring before December 12, 1999, reflects a legitimate legislative goal of how to best manage the registration and classification process.

When the act was originally enacted in 1996, it reasonably can be assumed that it applied to a very large number of people on account of its broad definition of the term "sex offender" as including "a person convicted of a sex offense or who has been adjudicated as a youthful offender or as a delinquent juvenile

[9]Under G. L. c. 6, § 178L (1) (*c*), "[t]he failure timely to petition the board for such hearing shall result in a waiver of such right and the registration requirements, if any, and the board's recommended classification shall become final."

by reason of a sex offense or a person released from incarceration or parole or probation supervision for such a conviction or adjudication, *whichever last occurs, on or after [August 1, 1981]*" (emphasis added). St. 1996, c. 239, § 1. When the Legislature rewrote the act in 1999, establishing the relief provision in § 178E *(f)*, the Legislature appears to have determined that, for those more recently convicted or adjudicated as a sex offender (on or after December 12, 1999), relief from registration could be sought from the sex offender's sentencing judge within fourteen days of sentencing. The Legislature may have decided that, with respect to sex offense convictions that dated back in time (including many that occurred before 1981), a relief hearing with the sentencing judge as provided in § 178E *(f)* would make little sense because the sentencing judge might not be available by reason of retirement or death, or because it was not likely that the particular circumstances involving those older offenses would still be fresh in the sentencing judge's mind.[10] Because meaningful review, including some form of judicial review, of the determination concerning the duty to register is provided for all sex offenders, those whose convictions or adjudications predated December 12, 1999, and those whose convictions or adjudications fall on or after that date, the central purpose of the act, namely, to protect the public from the danger of recidivism posed by sex offenders, was not, contrary to the juvenile's contention, thwarted. We add that, "the mere fact that some persons were at some later date governed by a law more favorable to them than the law which applied to the [juvenile] is insufficient to strike down an otherwise valid statute; to hold the opposite would be either to eradicate all new statutes or to make them all retroactive." *Smith* v. *Sex Offender Registry Bd.*, 65 Mass. App. Ct. 803, 814-815 (2006), quoting *Commonwealth* v. *Tate*, 424 Mass. 236, 240, cert. denied, 522 U.S. 832 (1997).

Some final observations are in order. To the extent that the juvenile suggests that he poses less of a risk to the public because the date of his adjudication of delinquency occurred so long ago, such a consideration is one appropriately for the board

---

[10]Indeed, under § 178E *(f)*, the relief hearing on whether a sex offender should be relieved from the registration requirement is to take place "within 14 days of sentencing," an impossibility in the juvenile's case.

(had the juvenile challenged, pursuant to § 178L [1] [*c*], his obligation to register). In addition, we do not agree with the juvenile that our decision in *Commonwealth* v. *Arment*, 412 Mass. 55 (1992), requires a different result. In *Commonwealth* v. *Arment, supra* at 61-63, we concluded that there was no rational basis for giving a superintendent of a correctional institution different grounds for seeking commitments for sexual dangerousness (mere belief that a prisoner is sexually dangerous as opposed to a requirement that a prisoner engaged in sexually assaultive behavior while in prison) based solely on when an inmate committed the crime for which he was incarcerated. Here, there appears to have been a rational basis for the classification, namely efficient management of the registration and classification process.

3. *Conclusion.* For the reasons set forth above, we remand to the county court, where the single justice is directed to enter an order affirming the Juvenile Court judge's order denying the juvenile's motion, made pursuant to § 178E (*f*), for relief from the registration requirement.

*So ordered.*