NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-108

ADOPTION OF CIERA (and two companion cases[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a Juvenile Court judge issued decrees finding the mother unfit, terminating her parental rights, and approving the Department of Children and Families' (department) adoption plan for her three children, the mother appealed.[2]  Several months later, the mother filed a motion for new trial, pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), primarily asserting that her trial counsel was ineffective.  After a hearing, the judge denied the mother's motion.  The mother again appealed, and the appeals were consolidated in this court.  We affirm the decrees and the denial of the new trial motion.

---

[1] Adoption of Alison and Adoption of Rebecca.  The children's names are pseudonyms.

[2] The judge also found the father unfit and terminated his parental rights to each of the children.  The father is not a party to this appeal.

Background.  This appeal concerns the mother's three children: Ciera, born in 2007; Alison, born in 2011; and Rebecca, born in 2015.  The department first became involved with the family in 2009, when a mandated reporter filed a report pursuant to G. L. c. 119, § 51A (51A report) alleging neglect of Ciera by her father.  Over the ensuing decade, several additional 51A reports were filed alleging neglect of the children by both parents.  In March 2019, the department filed the current petition for care and protection.  The children were removed from the mother's care and temporarily placed in a respite home.  The department then placed the children with their maternal grandmother.  In June 2020, the department changed its permanency goal for the children from reunification with the parents to adoption by the grandmother.  Trial on the department's petition was held on four nonconsecutive days beginning January 21, 2022.[3]  Before determining that the department's adoption plan was in the children's best interests, the judge appointed separate counsel for each child.  The judge subsequently issued detailed findings supporting her conclusions that the mother was unfit and that the children's best interests

_____

[3] The judge declared a mistrial on January 21, 2022, due to difficulties with the remote video connection (during trial, some witnesses were in person while others appeared virtually via video) but restarted the trial on February 2, 2022.

were served by terminating the mother's parental rights to allow for adoption by the children's grandmother.

Discussion.  To terminate parental rights to a child and dispense with parental consent to adoption, "a judge must find by clear and convincing evidence, based on subsidiary findings provided by at least a fair preponderance of the evidence, that the parent is unfit to care for the child and that termination is in the child's best interests."  Adoption of Jacques, 82 Mass. App. Ct. 601, 606 (2012).  "Parental unfitness must be determined by taking into consideration a parent's character, temperament, conduct, and capacity to provide for the child in the same context with the child's particular needs, affections, and age."  Adoption of Mary, 414 Mass. 705, 711 (1993).  A judge "must also find that the current parental unfitness is not a temporary condition."  Adoption of Virgil, 93 Mass. App. Ct. 298, 301 (2018).  A judge's determination of parental unfitness is "not a moral judgment or a determination that the mother [or] father do not love the child.  The inquiry instead is whether the parent['s] deficiencies or limitations 'place the child at serious risk of peril from abuse, neglect, or other activity harmful to the child.'"  Adoption of Bianca, 91 Mass. App. Ct. 428, 432 n.8 (2017), quoting Care & Protection of Bruce, 44 Mass. App. Ct. 758, 761 (1998).

3

1.  Termination of the mother's rights.  On appeal, the mother does not contest her unfitness but argues that the judge erred by failing to make "specific and detailed" findings explaining why termination of the mother's rights and the plan of adoption by the maternal grandmother, and not guardianship, served the children's best interest.  We disagree.

At trial, the mother argued that she was fit to parent the children and asked the court to award her custody, or in the alternative that the department be awarded permanent custody without the court terminating her parental rights.  She did not argue at trial that the children be placed with the maternal grandmother under a permanent guardianship.  Where the mother did not propose guardianship at trial, the judge was not required to make findings explaining why adoption, and not guardianship, was in the children's best interest.  See Adoption of Willow, 433 Mass. 636, 651-652 (2001) (judge must have sufficient information on suitability of proposal to evaluate placement plan).

2.  Ineffective assistance of counsel.  The mother asserted in her motion for new trial that her trial counsel provided ineffective assistance by failing to advocate for permanent guardianship with the maternal grandmother as an alternative to granting mother custody of her children.  The judge noted that

4

the judge was aware at trial that guardianship was an option "but chose the disposition of adoption," and denied the mother's motion.

"[T]he right to counsel in connection with determining whether to terminate parental rights is fundamental." Adoption of Bea, 97 Mass. App. Ct. 416, 424 (2020).  To prevail on an ineffective assistance claim, the mother was required to show first, that counsel's behavior fell "measurably below that which might be expected from an ordinary fallible lawyer," and second, that counsel's failures were prejudicial.  Care & Protection of Georgette, 439 Mass. 28, 33 & n.7 (2003), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  "We review the denial of a motion for new trial for an abuse of discretion." Adoption of Raissa, 93 Mass. App. Ct. 447, 455 (2018).

There was ample evidence in the record to support the judge's finding that the department's recommendation of adoption by the grandmother "represent[ed] the best plan for [the] [c]hildren's future stability and success."  See Care & Protection of Jamison, 467 Mass. 269, 283 (2014) (guardianships are limited in scope, revocable, and subject to third-party limitations, unlike adoptions).  Under a guardianship, the mother would have retained the right to petition the court to terminate or review the guardianship every six months.  See

5

<u>Adoption of Willow</u>, 433 Mass. at 647 & n.11; G. L. c. 119, §§ 26, 29B; G. L. c. 190B, § 5-212 (<u>a</u>). Despite the mother's claim at the hearing on her new trial motion that she would not seek to destabilize a guardianship, the judge had found that the mother had previously sought to disrupt the grandmother's custody of the children by asking police to conduct wellness checks on the children at the grandmother's home, physically assaulting the grandmother because "mother was upset about not having custody of the children," and filing a 51A report accusing the grandmother of witchcraft. The mother also would be entitled under a guardianship to visit her children unless a court made specific findings that visitation would be harmful to them. See <u>Adoption of Rhona</u>, 57 Mass. App. Ct. 479, 488-489 (2003). However, the mother struggled with appropriate behavior when visiting the children, and the children experienced significant stress during these visits. After a visit in February 2021, where the mother began shouting about the children in public, her supervised visits were put on hold. In contrast, under the department's plan of adoption by the grandmother, post-termination visitation with the mother was not mandated. Instead, the judge allowed the grandmother to control visitation and make informed decisions about what would be in the children's best interest. See <u>Adoption of Ilona</u>, 459 Mass.

6

53, 66 (2011) (judge has equitable authority to order post-termination visitation but may leave visits to the discretion of adoptive parent). Finally, all three children expressed a desire to be adopted by their grandmother,[4] with whom they had lived for more than half their lives. See Adoption of Nancy, 443 Mass. at 518 (while not dispositive, children's wishes are entitled to weight).

On this record, we conclude that, even were we to assume trial counsel's performance was ineffective,[5] the mother was not prejudiced because there was scant likelihood that the judge would have preserved the mother's parental rights even if her counsel had presented guardianship as an alternative to adoption by the grandmother. See Commonwealth v. Comita, 441 Mass. 86, 90-91 (2004) (failure to pursue litigation path that was unlikely to succeed not ineffective assistance). Accordingly, we discern no abuse of discretion in the judge's denial of the

---

[4] At the time of the trial, the children were six, eleven, and fourteen years old, and each was able to articulate a preference.

[5] Although we need not and do not reach the issue, we note that counsel mounted a vigorous defense throughout the proceedings to rebut the department's evidence of the mother's unfitness. Counsel also endeavored to follow the mother's instructions to preserve her parental rights "first and foremost."

7

mother's motion for a new trial.  See Care & Protection of

Georgette, 439 Mass. at 33-34 & n.7.

Decrees affirmed.

Order denying motion for new
trial affirmed.

By the Court (Rubin,
Brennan & Wood, JJ.[6]),

*Paul Little*

Clerk

Entered:  December 26, 2025.

---

[6] The panelists are listed in order of seniority.